IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WELLINGTON EMANUEL CLARKE, #317963, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Case No. 2:20-cv-902-ECM-SMD |
| REOSHA BUTLER, *et.al.*, | ) ) ) |
| Defendants. | ) ) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

*Pro Se* Plaintiff Wellington Emanuel Clarke, a state inmate confined at the Ventress Correctional Facility ("Ventress"), brings the instant action under 42 U.S.C. § 1983. Clarke alleges that, due to the COVID-19 pandemic, the conditions at Ventress are hazardous to his health and safety. Before the Court is Clarke's Motion for a Preliminary Injunction. (Doc. 1). For the following reasons, the undersigned Magistrate Judge RECOMMENDS that the motion be DENIED.

**I.    BACKGROUND**

In his Complaint, Clarke explains that several inmates were transferred to Ventress after testing positive for COVID-19 while housed at the Easterling Correctional Facility ("Easterling"). (Doc. 1) p. 5. Clarke maintains that Ventress was free of COVID-19 before these prisoners arrived. *Id.* He claims that Defendants have acted with deliberate indifference to his health and safety. *Id.* He further claims that Defendants have denied him

access to adequate mental and physical health treatment, including temperature checks and COVID-19 testing. *Id.* at 8–9.

In support of his claims, Clarke points to the fact that Ventress is overcrowded. *Id.* at 6. He notes that inmates are forced to sleep in close quarters and "sit shoulder to shoulder with other inmates in the dining hall," making Ventress "an incubator" for the spread of COVID-19. *Id.* In his instant motion, Clarke seeks a preliminary injunction requiring Defendants to return the inmates who previously tested positive for COVID-19 back to Easterling. *Id.* at 10. Defendants counter that Clarke is not entitled to a preliminary injunction because Ventress correctional officials and medical personnel have taken adequate health and safety measures in response to the COVID-19 pandemic. (Docs. 16, 24).

## II.   LEGAL STANDARDS

To receive a preliminary injunction, the moving party bears the burden to establish that: (1) he has a substantial likelihood of success on the merits; (2) he will suffer irreparable injury unless the injunction issues; (3) the injunction would not substantially harm the other litigant; and (4) if issued, the injunction would not be adverse to the public interest. *Long v. Sec'y, Dep't of Corr.*, 924 F.3d 1171, 1176 (11th Cir. 2019) (citing *Powell v. Thomas*, 641 F.3d 1255, 1257 (11th Cir. 2011)); *Texas v. Seatrain Int'l, S.A.*, 518 F.2d 175, 179 (5th Cir. 1975).[1] The third and fourth elements merge when the Government is the non-moving party. *Nken v. Holder*, 556 U.S. 418, 435 (2009). A preliminary injunction

---

[1] Opinions issued by the former Fifth Circuit prior to October 1, 1981, are binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

2

should be issued only when drastic relief is necessary. *All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989).

The Eighth Amendment prohibits cruel and unusual punishment. U.S. CONST. AMEND. VIII. This protection applies to the conditions of a prisoner's confinement. *Rhodes v. Chapman*, 452 U.S. 337, 345 (1981). That is not to suggest that the Eighth Amendment mandates comfortable prisons. *Id.* at 349. Harsh and even restrictive prison conditions "are part of the penalty that criminal offenders pay for their offenses against society." *Id.* at 347. Prison conditions typically give rise to an Eighth Amendment violation "only when they 'involve the wanton and unnecessary infliction of pain.'" *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004) (quoting *Rhodes*, 452 U.S. at 347).

To bring a viable Eighth Amendment challenge to a condition of confinement, an inmate must make two showings. First, the inmate must demonstrate that the condition poses an unreasonable risk of serious damage to his future health or safety. *Id.* Second, the inmate must establish that the defendant prison officials acted with deliberate indifference with regard to the challenged condition. *See, e.g.*, *Hudson v. McMillian*, 503 U.S. 1, 8 (1992); *Wilson v. Seiter*, 501 U.S. 294, 303 (1991). The Eleventh Circuit has held that an increased risk of contracting COVID-19 within a prison does not amount to deliberate indifference so long as the defendant prison officials acted reasonably to mitigate the spread of the virus. *Swain v. Junior*, 961 F.3d 1276, 1289 (11th Cir. 2020) (per curiam).[2]

---

[2] The Fifth and Sixth Circuits have reached the same conclusion. *See, e.g.*, *Valentine v. Collier*, 956 F.3d 797, 802–03 (5th Cir. 2020); *Wilson v. Williams*, 961 F.3d 829, 844 (6th Cir. 2020).

3

## III.   DISCUSSION

The undersigned finds that Clarke has failed to make the showings necessary to receive a preliminary injunction. To begin, Clarke has not shown that he has a substantial likelihood of success on the merits of his Eighth Amendment claim. Nothing in the record suggests that Defendants acted with deliberate indifference when they transferred the inmates who had tested positive for COVID-19 from Easterling to Ventress.

Second, and more importantly, the Alabama Department of Corrections has undertaken numerous health and safety measures to prevent and mitigate the spread of COVID-19 at Ventress.[3] As previously explained, an increased risk of contracting COVID-19 within a prison does not amount to deliberate indifference if the defendant prison officials acted reasonably to mitigate the spread of the virus. *Swain*, 961 F.3d at 1289. Here, there is substantial evidence that Ventress officials acted reasonably in combating the spread of COVID-19. Accordingly, the undersigned finds that Clarke has not shown a substantial likelihood of success on the merits of his Eighth Amendment claim.

The undersigned also finds that Clarke has not demonstrated he will suffer irreparable injury absent the requested injunctive relief. The inquiry is not whether Clarke has shown that the virus poses a danger to him in the abstract, but rather whether he has shown that he "will suffer irreparable injury 'unless the injunction issues.'" *Id.* (quoting *Jones v. Governor of Fla.*, 950 F.3d 795, 806 (11th Cir. 2020)). The alleged "irreparable injury must be neither remote nor speculative, but actual and imminent." *Siegel v. LePore*,

---

[3] *See, e.g.*, *Assoc. Comm'r. Naglich Decl.* (Doc. 24-1) pp. 1–16; *Warden Butler Decl.* (Doc. 24-3) pp. 1–5; *Nurse Hunter Decl.* (Doc. 16-1) pp. 2–10.

234 F.3d 1163, 1176 (11th Cir. 2000). Merely showing the "possibility" of irreparable harm is insufficient. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).

Even without a global pandemic, "there is always an unfortunate risk that detainees will be exposed to certain communicable diseases" while incarcerated "due in obvious part to limited space, overpopulation, and lack of resources" in the prison system. *Matos v. Lopez Vega*, 2020 WL 2298775, at *10 (S.D. Fla. May 6, 2020). These shortcomings, however, "do not automatically translate into a constitutional violation." *Id.* Here, Clarke has failed to establish that he will suffer an irreparable injury—one that is actual and imminent—absent the issuance of a preliminary injunction.

Finally, the undersigned finds that Clarke has failed to establish that the requested injunction, if issued, would not be adverse to interests of the Government and public. The Government has a significant public interest in the administration of its prisons. *See, e.g.*, *Woodford v. Ngo*, 548 U.S. 81, 94 (2006); *Preiser v. Rodriguez*, 411 U.S. 475, 491–92 (1973). Here, the requested injunction, if issued, would likely be adverse to that interest. Clarke, for his part, has not shown otherwise. For these reasons, Clarke has failed to make the showings necessary to receive a preliminary injunction.

## IV.  CONCLUSION

The undersigned Magistrate Judge therefore RECOMMENDS that Clarke's Motion for Preliminary Injunction (Doc. 1) be DENIED.

It is further ORDERED that the parties shall file any objections to this Recommendation on or before **February 25, 2021**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which each objection is

made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation, and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1; *see also Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

    DONE this 11th day of February, 2021.

_____
Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE